Erlina Christiani WINATA; Hendrik Susanto Lie; Petitioners,

v.

Loretta E. LYNCH, Attorney General, Respondent.

No. 13–70260.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 24, 2016.*

Filed March 3, 2016.

Gihan L. Thomas, Esquire, Law Offices of Gihan L. Thomas, Los Angeles, CA, for Petitioners.

Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, Suzanne Nardone, Oil, U.S. Department of Justice, Washington, DC, for Respondent.

Before: LEAVY, FERNANDEZ, and RAWLINSON, Circuit Judges.

## MEMORANDUM **

Erlina Christiani Winata and Hendrik Susanto Lie, natives and citizens of Indonesia, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's decision denying their application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184–85 (9th Cir.2006), and we deny the petition for review.

Substantial evidence supports the BIA's conclusion that the government rebutted petitioners' presumption of future persecution by establishing a fundamental change in circumstances. *See* 8 C.F.R. § 1208.13(b)(1)(i)(A); *see also Gonzalez–Hernandez v. Ashcroft*, 336 F.3d 995, 998–99 (9th Cir.2003) (record did not compel the conclusion that the government failed to rebut the presumption of future persecution); *cf. Boer–Sedano v. Gonzales*, 418 F.3d 1082, 1091–92 (9th Cir.2005). We reject petitioners' contentions that the agency erred in its analysis or did not consider Winata's explanations for her numerous lengthy returns to Indonesia. Thus, petitioners' asylum claim fails.

Because petitioners failed to establish eligibility for asylum, they necessarily failed to meet the more stringent standard for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

Finally, substantial evidence also supports the agency's denial of petitioners' CAT claim because they failed to show it is more likely than not that they would be tortured by or with the consent or acquiescence of the Indonesian government. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir.2008).

**PETITION FOR REVIEW DENIED.**

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.